The matter at issue in this case is the interpretation of 38 U.S.C. section 5904c.1 as it relates to the authority of the VA to limit the services performed by an attorney or an agent following a triggering event under that statute. The term case as used by Congress was not intended to limit an agent or an attorney's right to charge fees for services performed after the triggering event set out in the statute in order to charge and receive a fee. Put another way, there is no limitation on the services which are provided after the triggering event occurs. In the original Cameron case, the Veterans Court interpreted the term case to limit the attorney's right to charge a fee. The same is true in this court's case in Jackson v. Shinziki in which this court relied upon an interpretation of the term case as used in 5904c.1 to limit the attorney's right to charge a fee. The court in Jackson held that because Mr. Easler's claim that was the veteran did not include the requisite evidence to support a claim before the Board of Veterans' Appeals at the time the matter was originally before the board. Well, how is this case in any way substantively different than Jackson? It is substantively different to Jackson in that there was an attempt by Mr. Cameron following the previous decision in his case to present to the court an interpretation of the statute relative to the limitation or the right to limit the fee charged. The holding in Jackson, we believe, was a factual determination by this court that the Veterans Court correctly made that determination under the statute. This court recently in Military Veterans Advocacy v. the Secretary of the Department of Veterans Affairs decided on July 30th, interpreted the same language that was involved in all of these cases and concluded that the language of the statute only restricts fees being charged with respect to the case before specific triggering events. And that is an issue that was addressed by this court in its prior decisions in both Stanley and in Carpenter. And it is that interpretation that was ignored by the Veterans Court. I'm really sorry, but I'm not understanding what you're trying to tell me. So can we go back to Jackson? Yes, you're right. In Jackson, we denied the fees because there had been no final board decision on the entitlement to TDIU. That's correct. And what we said is this case asked whether counsel presented a TDIU claim as part of the Veterans case for purposes of 5904C at the time the board's final earlier decision. If TDIU was part of the Veterans case, then they're entitled to attorney's fees. If not, the board has yet to make a final decision on the matter, and Mr. Jackson has no entitlement to attorney's fees. If we flip the TDIU with the issue in play here, how is this in any way different than Jackson? The way that it is different is that this court in NVA, the Military Veterans Advocacy rulemaking decision, interpreted the same statute in a different way and focused on the totality of the language in the statute to determine that the – So has the provision changed? No, Your Honor. I thought the language of this provision that we're looking at had changed. All that changed, as noted in the decision, was the triggering event. The decision in NVA goes through the history of this statute, 5904C, and clarifies that all the change between the three substantive iterations was the triggering event. It went from a first final board decision to a notice of disagreement to a – What else does that case say that is different and should convince us that the principles that I think are pretty clear in Jackson do not hold and were not correct? Which we can't overturn precedent in any of that, but nonetheless, I just wanted to – warranted the interpretation of the statute as it related to rulemaking to limit the circumstances in which a fee could be charged. The difference is that Jackson is an outlaw, and this panel may be required, as a result, to refer this matter to the full court to resolve any conflict which may exist between this court's decisions in Stanley, Carpenter, and now NVA, which interpret the statute differently. And in particular, this decision – But do you think if – I'm sorry? What we said in the most recent decision would change the result in Jackson, really? Because the interpretation made was – is that the only limitation that exists in that statute is the prohibition from charging a fee before the triggering event. That is the bar that existed. All that the changes in the statute did was to move the triggering event from a board decision to an NOD to a first decision of the VA, and that the only statutory bar created by Congress was that before that triggering event took place, no fee could be charged. And the decision in NVA makes that very clear by repeated references to the previous decisions in Stanley and Carpenter, which resulted in the opposite result, as was reached in Jackson. And did the Jackson court distinguish Stanley and Carpenter? I mean, I'm not a – No. As a matter of fact, they relied upon Stanley and Carpenter for support, and Stanley and Carpenter do not support that result. And this court's decision in NVA makes it clear as to why they do not support it, because the Jackson case reads the statute to create a requirement that there must be some issue raised within the decision that was the subject matter of the triggering event. And that is simply not the language of the statute. The language of the statute only prohibits the charging of a fee prior to – in any services that are performed prior to that triggering event. So you think that fees could be – Excuse me. Fees could be sought and awarded on completely and utterly unrelated subsequent claims? Is that your view? recognize the intent of Congress to design a statute to provide paid counsel in connection with all VA proceedings once the board had rendered its adverse decision to the claimant on the merits, observing that that was when there was the need for counsel, because it was after the fact that counsel could assist the veteran. That's because Congress wanted the veteran to have counsel assistance after that fact with regard to those issues in that case. I feel like you're advocating for a rule that could allow completely disparate, completely unrelated subsequent allegations and claims which have gone through none of the initial process to now be counseled and paid for. I don't feel like that was Congress's intent. Well, with due respect, Your Honor, I believe that that's incorrect, that Congress's intent, as expressed by this court in NVA – What does the statute say specifically?  What specifically does the statute say? The statute says that no fee shall be charged for services performed on behalf of a veteran in proceedings before the event that is described in the statute. In this case – Let me paraphrase. I want you to actually read me the section of the statute. Oh, I'm sorry. I don't want Mr. Carpenter's version of what he thinks the statute means. I want to know what the statute says and why you think it specifically allows for fees for completely unrelated claims that could be subsequently filed. We're talking about 5904C1. Is that correct? Yes, Your Honor. And it says – oh, no, I'm sorry. That's not the statute. It says, in connection with proceedings before the Department with respect to benefits under the laws administered by the Secretary, a fee may not be charged, allowed, or paid for services of agents or attorneys with respect to the services before the date of the Board of Veterans' Appeals first makes a final decision in a case. So it is clearly referring only to, as was clearly found in NVA's recent decision, to the prohibition from the charging of fees for services that were prior to that date. And that once the Board decision was made, as was observed and referenced to in NVA at page 16 of the Slip Opinion in Westlaw, that the statute was designed to provide paid counsel – a notice of disagreement is filed with regard to that. The veteran tells you, in addition to hearing loss, I also have a foot problem, completely unrelated to hearing loss, unrelated to the event. You file what amounts to a new claim for the veteran on his foot injury. You're saying Congress intended in this statute for counsel to be paid for a new claim, completely unrelated to the earlier claim, simply because the veteran has gotten one statement of case and filed one NOD on one kind of claim. Well, if Your Honor is making reference to the intermediate triggering event of an NOD as the event that triggers the right to charge a fee, then the answer is yes, Your Honor, that's precisely what I'm saying. That can't possibly be what Congress intended for veterans to have paid counsel at a point at which it appears like the VA is going to be unfavorable to them on a claim, not if the VA is unfavorable to them on one claim. They now get paid counsel to cover absolutely everything for every future claim they may ever have for the rest of their life. With all due respect, Your Honor, the statute doesn't use the term claim. Claim is not mentioned. It uses the term case. No, it uses the term with respect to the case. And the case that is brought by the veteran that triggers the right to charge a fee in the first iteration and in the statute as it existed in this case was a first final board decision. And after that date... And you would like completely unrelated cases to be eligible for fee payment? I would not phrase it that way, Your Honor. Of course you wouldn't, but that's what you're asking for. Well, I believe that's what the statute and this court has said in three panel decisions. Let's go back to those decisions, and maybe the government could correct me, or you can if I'm wrong. But just looking back at the briefing with respect to those two cases, didn't those cases deal with drawing a distinction between when you're reopening a previous claim based on new material evidence or whether you're alleging clear and unmistakable error with respect to that claim? So it's the same thing. It's not, as the Chief suggested, something that wasn't involved or at issue in that subsequent claim. Am I misstating what Stanley and Carpenter were about and what the distinction drawn in those cases were? I believe you are misunderstanding what happened in both of those cases. Let's take Stanley first. In Stanley, there was no first adverse decision by the board. There was only a first decision by the board, which is what the statute then said. Was Stanley involved in a claim for reopening based on new material evidence or clear and unmistakable error? It was the former. It was the reopening. In our case, it doesn't involve reopening an existing case or claim. It was a brand new claim, correct? No, it was not. It was a brand new claim that had been continuously prosecuted from 2006 that was eventually overturned by two visits to the Veterans Court. But the threshold question is, when does an attorney have the right under the statute to charge a fee for any and all services provided thereafter? Mr. Carpenter, I'd like to ask you about MVA, the same kind of questions as Judge Prost asked. When I read MVA, I think that it says that it was for a supplemental claim seeking the same or similar benefits on the same or similar basis as the original claim. That seems different than the situation here, too, where that initial or the first decision of the board was related to two claims. And then there was this other claim related to, I believe, depression. It was a claim that had not been considered in the board's first decision, right? Well, yes, Your Honor, with this caveat. You can't get to a supplemental claim and you cannot get the right to charge a fee unless there was a prior decision on that issue or that claim. That's what I think is the distinction, though. In that case, there was a decision that impacted that. There was some earlier claim to which the supplemental claim related, right? Yes, Your Honor, and that was the basis for the invalidation of that regulation. But the predicate was the right to charge a fee. The VA wrote a regulation saying there was no right to charge a fee, even if there had been a previous decision that triggered the right to charge a fee. And it is that basis upon which the panel relied in interpreting the language of the statute, C-1. So you really like, in this case, the interpretation of the word case, right? In MVA, you like the interpretation of the word case because, in your view, it means it encompasses all potential claims raised by the evidence, even if those claims hadn't yet been raised at the time of the first board decision. Yes, but MVA is even broader than that, Your Honor, because MVA explains both the history of this statute and the evolutions in which it's been through, recognizing that Congress did not clearly define the term case, and then recognizing when this court applied it in Stanley and this court applied it again in, or excuse me, interpreted it again in Carpenter, that they were consistently using the notion that there was no bar in the language of the statute to the charging of the fee for services rendered after. Do I understand correctly that it's your view that the decision in MVA undermines cases like Jackson and Stanley? It should change the outcome in them? No, it undermines only the decision in Jackson. It does not undermine— How can it? It's not an in-bank decision. So how can it overrule Jackson? Because the only way that MVA could have invalidated the regulation was finding that the regulation was inconsistent with the plain language of the statute, the statute in this case being the attorney fee statute. And because it was inconsistent with that statute, it was not possible to have that regulation, just as it is not possible to have the result in Jackson. Okay, Mr. Carpenter, we are way over time. Let's hear from Mr. Singley, please. May it please the court. Three main points. First, this court said the court has already defined the term case for the purposes of 5904C, and the Veterans Court simply applied that definition to the facts of Mr. Cameron's case, which is our jurisdictional argument, too, on the facts that 2005 board decision is completely unrelated. The triggering event in this case, the 2005 board decision, which dealt with the stroke and the TDIU claims, is completely unrelated to Mr. Houston's 2006 claim for depression, which was ultimately granted based on evidence that didn't exist until April 2007. So it's a completely different claim on a completely different basis. Would you say it's a completely different case? I would say it is a completely different case based on this court's previous definition of case, which the Veterans Court simply applied to the facts here. And then as a matter of policy, Mr. Houston's depression claim was resolved through non-adversarial proceedings, which were precisely the kind of proceedings that the statute was passed to protect from attorney's fees. And so those are my three main points. I can answer questions. Why don't you get to the substance of most of the discussion and exchange we had with Mr. Carpenter, which was about the three other cases that he referenced? How would you respond to MVA, for example? It's a very different case under the statute. In fact, it quotes the same language-defining case that this court quoted in Jackson. And then also on the facts, as this court has already pointed out, MVA dealt with a supplemental claim that was on the same – it was a supplemental claim for the same or similar benefits on the same or similar basis. That's definitely not the case here. Was it based on the same evidence that was laid? Your Honor, no, it was not. It was – I believe it was based on – it was a – I believe that there was new material evidence. Well, MVA is interpreting regulations, so I don't believe that there was a specific set of facts at issue there. And it was that the VA had put out a regulation that was distinguishing between supplemental claims raised a year after or within that first year. So is the distinction to be drawn sort of in our framework, that if we're talking about a case that went up and was rejected and you want to reopen that case because you have new evidence or because you say there was an error, you would agree that that comes within the statutory language allowing attorneys to – but if it's an entirely new claim and different case, then it's not – is that how we're supposed to parse through these different cases? That's correct, Your Honor. And in the Carpenter case, it was – I mean the court used language that was emanating all of the different cases that came up or all the iterations of that case were related to the original decision that reduced the compensation level. And then Carpenter was specifically dealing with a Q claim, as you pointed out, related to the initial compensation date. So that is the distinction, Your Honor. And here you characterize this as an entirely different case. Absolutely, Your Honor. It's a new – he's seeking benefits for a new disability and aren't based on new evidence. That was not part of the case. If the court doesn't have any other questions. Okay, thank you, Mr. Singley. Let's restore two minutes of rebuttal time for Mr. Carpenter, please. Your Honor, it is Mr. Cameron's position that the decision in MVA clarifies the understanding and the interpretation of the statute and that it clearly interprets the statute to have only one purpose. And that purpose is to prevent the charging of a fee for services performed before the triggering event identified in the statute. It has no other purpose. The court said that clearly, which is why when the VA wrote a regulation that said the filing of a supplemental claim would not be affected by the previous decision in which the right to charge a fee had been established, then the prohibition from charging a fee was invalid because it was attempting to impose a bar that does not exist in the statute. I recognize that there is a clear problem with the decision in Jackson because the decision in Jackson relies upon the notion that the term case is about a specific claim or theory of the claim. And that was what was articulated in the original Cameron decision. That is, now that MVA has been published, a misinterpretation of the statute. And it misinterprets the statute because it creates a limitation that does not exist. If this court does not agree that it can do as MVA did and render a decision on this, then I urge the panel to refer this to the full court for resolution.  Okay, thank both counsel. The case is taken under submission.